2018R00131/DVC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAY 04 2022
AT 8:30 __1:37__ P.M.
WILLIAM T. WALSH
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 22- 324 (RMB) |
| v. | : | 18 U.S.C. § 1349 |
| MALCOLM DEAN HAMPTON II, WILLIAM JOSEPH KUZMA, and MICHAEL RUSSELL DAVIS | : | |

**INDICTMENT**
(Conspiracy to Commit Wire Fraud)

The Grand Jury in and for the District of New Jersey, sitting at Camden, charges:

**Relevant Individuals and Entities**

1.  At all times relevant to this Indictment:

    a.  Defendant MALCOLM DEAN HAMPTON II ("defendant HAMPTON") resided in California. Defendant HAMPTON owned, operated, and/or controlled businesses 5 Star Investments LLC ("5 Star Investments") and 5 Star Holdings LLC ("5 Star Holdings"), which were incorporated in Wyoming on or about September 11, 2009, and March 21, 2017, respectively. Defendant HAMPTON held himself out as the Chief Executive Officer and Manager for 5 Star Investments, and as a "Member" of 5 Star Holdings.

    i.  Defendant HAMPTON maintained the following bank accounts at a financial institution hereinafter referred to as Bank 1:

        1.  An account in the name of defendant HAMPTON having the last four digits 6808 ("HAMPTON Account"), opened on or about

1

        February 10, 2017, for which defendant HAMPTON was the authorized signatory; and

    2.    A business checking account for 5 Star Holdings having the last four digits 2367 ("5 Star Holdings Account"), opened on or about March 23, 2017, for which defendant HAMPTON and a close relative (hereinafter "RELATIVE 1") were authorized signatories.

  ii.    RELATIVE 1 maintained a personal bank account at Bank 1 having the last four digits 0304 ("HAMPTON Relative Account"), opened on or about February 3, 2017, for which RELATIVE 1 was the authorized signatory.

b.    Defendant WILLIAM JOSEPH KUZMA ("defendant KUZMA") resided in Montana. Defendant KUZMA owned, operated, and/or controlled businesses BK Enterprises Unlimited LLC ("BK Enterprises") and Continental Mortgage of Montana, Inc. ("Continental Mortgage"), which were incorporated in Montana on or about April 28, 2011, and December 29, 2004, respectively. Defendant KUZMA held himself out as the Sole Member for BK Enterprises and the President and Registered Agent for Continental Mortgage.

  i.    Continental Mortgage maintained a bank account at a financial institution hereinafter referred to as Bank 2 having the last four digits 9619 (the "Continental Mortgage Account"), opened on or about September 15, 2014, for which defendant KUZMA was a signatory.

c.    Defendant MICHAEL RUSSELL DAVIS ("defendant DAVIS") resided in New York and Switzerland. Defendant DAVIS owned, operated, and/or controlled business

2

Jet Exclusive Aviation LLC ("Jet Exclusive Aviation"), which was incorporated in Delaware on or about September 7, 2007. Defendant DAVIS held himself out as the Asset Manager, Senior Managing Director and/or Senior Managing Partner for Jet Exclusive Aviation.

    i. Jet Exclusive Aviation maintained a bank account at Bank 1 having the last four digits 0650 (the "Jet Exclusive Aviation Account"), opened on or about September 24, 2013, for which Defendant DAVIS was a signatory.

    ii. Defendant DAVIS maintained a bank account at Bank 4 having the last four digits 5654 (the "DAVIS Account"), opened on or about July 1, 2013, for which defendant DAVIS was the sole signatory.

### The Conspiracy

2. From as early as January 2017 through in or about December 2017, in Burlington County, in the District of New Jersey and elsewhere, the defendants,

> MALCOLM DEAN HAMPTON II,
> WILLIAM JOSEPH KUZMA, and
> MICHAEL RUSSELL DAVIS,

knowingly and intentionally conspired and agreed with each other and others to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice is set forth below, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire, radio, and television communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

## Object of the Conspiracy

3. The object of the conspiracy was for defendants HAMPTON, KUZMA, and DAVIS (collectively, the "DEFENDANTS") to financially enrich themselves by selling investments to investors under false and fraudulent pretenses.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that:

   a. Through a network of investment brokers/recruiters, the DEFENDANTS advertised and caused to be advertised an opportunity to invest in Standby Letters of Credit ("SBLC")[1] offered through 5 Star Investments.

   b. Defendant KUZMA served as the primary point of contact with both brokers/recruiters and potential investors and, in that role, explained the investment opportunity and forwarded the investment contracts to potential investors.

   c. In presenting the investments, defendant KUZMA represented himself to be business partners with defendant HAMPTON and made various false and fraudulent statements through emails, other documents, and verbal statements communicated by telephone, including promising projected returns that no investor had achieved, and which defendant KUZMA knew and should have known were unrealistic.

   d. In response to inquiries by potential investors, defendant KUZMA provided investment contracts to the investors via email. These investment contracts used vague and confusing language to set forth the terms of the investments.

   e. Pursuant to the investment contracts, the investors agreed to wire monies to an

---

[1] An SBLC is a guarantee of payment that is made by a bank or financial institution on behalf of a client which ensures that the bank will make payment even if the bank's client cannot fulfill the promised payment.

Asset Manager who was to create the SBLC and manage the investment of the SBLC. In return for their investments, the DEFENDANTS promised the investors "guaranteed" returns over a period of approximately 10 months which were unrealistic.

f.  A separate letter written by defendant DAVIS, forwarded to the investors by defendant KUZMA, identified defendant DAVIS of Jet Exclusive Aviation as the Asset Manager. In that letter, defendant DAVIS stated that 5 Star Investments had retained him to accept the investors' monies and negotiate an SBLC with a bank, and that if he was unsuccessful in doing so, he would return the investors' monies.

g.  Defendant HAMPTON signed the investment contracts with Investors 1 through 3 on behalf of 5 Star Investments. Defendant KUZMA signed the investment contracts with Investors 4 and 5. At the request of Investor 3, defendant DAVIS also signed the investment contract with Investor 3.

h.  In the contracts, the DEFENDANTS made various false and fraudulent statements including:

   i.   promising projected returns that no investor had achieved and which the DEFENDANTS knew or should have known were unrealistic; and

   ii.  promising the return of investment monies if the SBLC's were not created.

i.  When potential investors expressed caution or hesitation in proceeding with the investment, defendant KUZMA and various brokers/recruiters who funneled potential investors to the DEFENDANTS, provided reassurances to the investors of the legitimacy of the investments and the entities and persons involved.

j.  The DEFENDANTS induced and caused the investors to enter into the investment contracts and to wire their investments into the Jet Exclusive Aviation Account controlled by defendant DAVIS.

k.  After receiving the monies from the investors, the DEFENDANTS did not comply with their contractual obligations to invest the monies, but rather converted the investors' monies to their own use.

l.  The DEFENDANTS continued to sell this investment opportunity and collect monies from Investors 4-5, even after failing to timely deliver the initial investment return payments promised to Investors 1-3 in the contracts, and also after converting some of the monies from Investors 1-3 to their own use.

m.  At various times during the conspiracy, the investors complained to the DEFENDANTS that they had not received their promised returns. In response:

   i.  Defendants KUZMA and DAVIS falsely assured the investors that the investments were moving forward and asked for their patience; and

   ii. Each of the DEFENDANTS falsely promised that the investors' monies would be returned.

n.  The DEFENDANTS never returned the investors' monies. Rather, the DEFENDANTS continued to provide false assurances to the victim investors before ultimately cutting off communication with them.

o.  As a result of the above described acts, between on or about March 13, 2017 and on or about May 17, 2017, Investors 1, 2, 3, 4 and 5 sent a total of approximately $3.25 million to the Jet Exclusive Aviation Account controlled by defendant DAVIS.

**Furthering the Conspiracy**

5.  In furtherance of the conspiracy and to effect its objects, the DEFENDANTS committed and caused to be committed the following acts, among others, in the District of New Jersey and elsewhere.

6.  On or about the following dates, the DEFENDANTS caused the below listed victim investors to make the below described wire transfers into the Jet Exclusive Aviation Account,

each of which wires was processed through Federal Reserve facilities in New Jersey and Texas, except the wire from Investor 3.

| WIRE DATE | WIRE AMOUNT | WIRE SENDER |
|---|---|---|
| 3/13/2017 | $500,000 | Investor 1 |
| 3/15/2017 | $249,965 | Investor 2 |
| 3/20/2017 | $1,999,925 | Investor 3 |
| 5/16/2017 | $250,000 | Investor 4 |
| 5/17/2017 | $250,000 | Investor 5 |

7. From on or about March 15, 2017 through on or about September 7, 2017, defendant DAVIS caused approximately $1,540,282 in proceeds from the fraudulent scheme to be wired from the Jet Exclusive Aviation Account to an account at Bank 3, having the last four digits 5909, for which he was the beneficiary.

8. From on or about March 13, 2017 through on or about December 4, 2017, defendant DAVIS caused approximately $212,486 in proceeds from the fraudulent scheme to be wired from the Jet Exclusive Aviation Account to an account at Bank 1, having the last four digits 0736, for which he was the beneficiary.

9. From on or about March 15, 2017 through on or about July 25, 2017, defendant DAVIS caused approximately $162,070 in proceeds from the fraudulent scheme to be wired from the Jet Exclusive Aviation Account to an account at Bank 4, having the last four digits 5654, which was under his exclusive control, each of which wires was processed through Federal Reserve facilities in New Jersey and Texas.

10. In or about March 2017, defendant DAVIS caused electronic fund transfers of approximately $1,090,000 in proceeds from the fraudulent scheme to be distributed from the Jet Exclusive Aviation Account to the HAMPTON Relative Account.

11. On or about March 24, 2017, defendant HAMPTON caused an electronic funds transfer of approximately $815,134.78 of proceeds from the fraudulent scheme to be distributed from the HAMPTON Relative Account into the 5 Star Holdings Account, which he controlled.

12. On or about March 28, 2017, defendant HAMPTON caused a wire transfer of approximately $20,000 of proceeds from the fraudulent scheme to be distributed from the 5 Star Holdings Account into the Continental Mortgage Account controlled by defendant KUZMA, which wire was processed through Federal Reserve facilities in New Jersey and Texas.

13. Throughout the conspiracy, the DEFENDANTS transmitted and caused to be transmitted numerous email communications in furtherance of the scheme with each other, Investors 1-5, and the recruiters/brokers. These emails included but were not limited to the below listed emails, each of which was transmitted in interstate and foreign commerce and each of which pertained to Investor 1:

| APPROXIMATE DATE AND TIME | TO | FROM | SUBSTANCE OF EMAIL |
|---|---|---|---|
| 3/13/2017 at 11:55 a.m. | Investor 1 | KUZMA | KUZMA acknowledged receipt of the contract, forwarded wiring instructions to the Jet Exclusive Aviation Account, and attached an Asset Management Letter from Jet Exclusive Aviation signed by DAVIS dated 3/13/2017. |
| 8/7/2017 at 2:36 p.m. | HAMPTON, DAVIS and KUZMA | Investor 1 | Investor 1 demanded the return of his $500,000 investment. |
| 8/7/2017 at 4:40 p.m. | Investor 1 | DAVIS | DAVIS agreed to refund the monies upon receipt of a certified letter. |
| 8/8/2017 at 3:16 p.m. | DAVIS | Investor 1 | Investor 1 asked for clarification from DAVIS regarding seeking the return of funds. |

| APPROXIMATE DATE AND TIME | TO | FROM | SUBSTANCE OF EMAIL |
|---|---|---|---|
| 8/8/2017 at 4:21 p.m. | KUZMA and HAMPTON cc: Investor 1 | Investor 1's Assistant | Investor 1's Assistant forwarded a letter from Investor 1 which sought the immediate return of Investor 1's monies. |
| 8/8/2017 at 4:45 p.m. | Investor 1's Assistant | KUZMA | KUZMA acknowledged receipt of Investor 1's Assistant's email. |
| 8/8/2017 at 2:54 p.m. | HAMPTON and DAVIS | KUZMA | KUZMA forwarded the email from Investor 1's Assistant and the attached letter from Investor 1. |
| 8/9/2017 at 10:21 a.m. | DAVIS | Investor 1 | Investor 1 forwarded to DAVIS a certified letter that Investor 1 had sent to HAMPTON on or about 8/8/2017 requesting a refund of Investor 1's $500,000 investment. |
| 9/20/2017 at 1:47 p.m. | Investor 1, HAMPTON and DAVIS | KUZMA | KUZMA reiterated the need for Investor 1 to send a certified letter seeking a refund and stated that DAVIS would then refund the monies. |

All in violation of Title 18, United States Code, Section 1349.

9

## FORFEITURE ALLEGATION

1. Upon conviction the wire fraud conspiracy offense charged in this Indictment, MALCOLM DEAN HAMPTON II, WILLIAM JOSEPH KUZMA, and MICHAEL RUSSELL DAVIS shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, constituting or derived from proceeds traceable to the offense charged in this Indictment.

## SUBSTITUTE ASSETS PROVISION

2. If any of the property described above, as a result of any act or omission of defendants MALCOLM DEAN HAMPTON II, WILLIAM JOSEPH KUZMA, and MICHAEL RUSSELL DAVIS:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

it is the intention of United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendants

MALCOLM DEAN HAMPTON II, WILLIAM JOSEPH KUZMA, and MICHAEL RUSSELL DAVIS up to the value of the forfeitable property described in Forfeiture Allegation paragraph 1.

A TRUE BILL

'FOREPERSON

*[signature: Philip R. Sellinger by A.]*

_____

PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: 22-_____

**United States District Court
District of New Jersey**

UNITED STATES OF AMERICA

v.

**MALCOLM DEAN HAMPTON II,
WILLIAM JOSEPH KUZMA, and
MICHAEL RUSSELL DAVIS**

**INDICTMENT FOR
18 U.S.C. § 1349**

A True Bill.

Foreperson

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

DIANA VONDRA CARRIG
ASSISTANT U.S. ATTORNEY
CAMDEN, NEW JERSEY
(856) 757-5026